[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: AMENDED MOTION FOR SUMMARY JUDGMENT
The plaintiff, the Federal Deposit Insurance Corporation, acting as receiver for the Merchant's Bank Trust (hereinafter "the plaintiff"), has brought a foreclosure action against the defendants, Laurier N. Rouleau, Marcel Poulin and Bernard Cayer (hereinafter "the defendants"). Before the court is the plaintiff's amended motion for summary judgment.
The plaintiff argues that there are no genuine issues of material fact as to the liability of the defendants on the underlying note. The defendants object to the motion for summary judgment and argue that there are both questions of fact and the existence of special defenses which render summary judgment inappropriate at the present time. For the reasons set forth below, the court finds that there are no issues as to the liability of the defendants under the note and that the plaintiff, accordingly, is entitled to summary judgment on the issue of liability as a matter of law.
The defendants first argument against the amended motion for summary judgment is that there is an outstanding question of fact as to the ownership of the property the plaintiff seeks foreclosure upon. Specifically, the defendants argue that the plaintiff has admitted that it previously "redeemed" the property in question by discharging outstanding tax liens attached to the property.
The defendants's argument is without merit. For one, a complete reading of the statement that the defendants rely on reveals that while the plaintiff may have paid off the outstanding tax liens, the plaintiff never received title to the property. Moreover, the defendant has in its answer admitted to the ownership and possession of the property in question.[1]
CT Page 8892
The defendants second argument against the amended motion for summary judgment concerns three special defenses filed by the defendants in which they challenge the amount the plaintiff seeks to recover. These special defenses are based on respectively, defenses of laches, waiver and breach of good faith. While these special defenses appear to be valid in that they go to the making, validity or enforcement of the note; see First Union Bankof Connecticut v. Constantini, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 059387 (August 7, 1997, Curran, J.); the special defenses do not raise any questions as to the liability of the defendants on the note, but rather raise questions concerning the actual amount to which the plaintiff is entitled.
Accordingly, the defendants have failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact concerning the liability of the defendants on the note. The defendants have also failed to raise a question of fact in support of the special defense that the plaintiff failed to provide timely notice of default prior to instituting the action. The plaintiff, through the evidence proffered in support of the amended motion for summary judgment, has met its burden of showing that the defendants are liable on the note and, therefore, is entitled to summary judgment. Since, however, the defendants' remaining special defenses do question the amount the plaintiff seeks to recover, the court, pursuant to Practice Book § 385, now Practice Book (1998 rev.) § 17-50, grants summary judgment only as to the liability of the defendants.
The Court
Curran, J.